UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

JACKIE RAY KING, JR.,

        Petitioner,                           Case No. 1:09-cv-148

v.                                                 Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in the Genessee County Circuit Court to one count of armed robbery, MICH. COMP. LAWS § 750.529, and one count of bank robbery, MICH. COMP. LAWS § 750.531. On December 5, 2006, the trial court sentenced him as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent prison terms of ten to twenty years for the bank robbery conviction and fifteen to twenty-five years for the armed robbery conviction. Petitioner raises the following ground for habeas corpus relief:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [PETITIONER'S] MOTION TO WITHDRAW [HIS] PLEA WHERE THE RECORD ITSELF REFLECTS AN UNFULFILLED PROMISE OF LENIENCY BY THE PROSECUTOR WHICH RENDERED [HIS] PLEA INVOLUNTARY AND WHERE SPECIFIC PERFORMANCE CANNOT BE IMPOSED.

Respondent has filed an answer to the petition (docket #5) stating that the petition is without merit. Upon review and applying the AEDPA standards, I find that the petition should be denied.

## **Procedural History**

### A.   **Trial Court Proceedings**

Petitioner was charged in the Genessee County Circuit Court with armed robbery (Case No. 06-19095) and an unrelated bank robbery (Case No. 06-19094). Petitioner was charged in each case as a fourth habitual offender. In addition, Petitioner faced unrelated bank robbery and unarmed robbery charges. Petitioner entered a guilty plea on October 16, 2006, whereby he pleaded guilty to armed robbery and bank robbery in Case Nos. 06-19095 and 06-19094 in exchange for the dismissal of the two other charges and a reduction in the habitual offender enhancement from fourth felony offender to second felony offender. (*See* Plea Hearing Transcript (Plea Tr.), 3-4, docket #8.) In explaining the plea agreement to the trial court, the prosecutor stated:

> Judge, it appears as though there was one plea agreement filled out I believe for both of the cases. I think there's a copy of the same plea agreement in each. It indicates that Mr. King was originally charged in one file with armed robbery and on another file with bank robbery. He will be pleading guilty to each count under each file, the armed robbery and the bank robbery. There are two separate numbered files listed, an unarmed robbery and a separate bank robbery that the People are agreeing to dismiss. He is also to acknowledge habitual offender second.
>
> There is no Cobbs or sentence agreement. *Consecutive sentencing does not apply*. Holmes status does not apply. No 7411 status. Restitution as determined by the Court. The additional consideration line has been left blank. But I believe I have fully and completely stated the plea agreement.

(Plea Tr., 3-4) (emphasis added). Defense counsel confirmed the terms of the plea and further clarified that the second felony offender enhancement was a reduction from fourth felony offender. (Plea Tr., 4.)

After the trial court informed Petitioner that he faced a maximum sentence of up to life in prison and explained the trial rights that he would be waiving by pleading guilty, Petitioner stated that it was his choice to plead guilty to the armed robbery and bank robbery charges. (Plea

- 2 -

Tr., 5-10.) With regard to the armed robbery charge, Petitioner testified that he was high on drugs when he walked into a Sunoco station and demanded money and cigarettes from the clerk. (Plea Tr., 11-12.) Petitioner had one hand in his pocket in a manner that was intended to put the clerk in fear that he had a weapon. (Plea Tr., 12-14.) The clerk complied by giving him money and cigarettes. (Plea Tr., 12.) With regard to the bank robbery charge, Petitioner testified that he walked into a LaSalle Bank branch and handed a teller a note that said something like "Hundreds, 50s, 20s." (Plea Tr., 16.) Petitioner, who did not have an account at the bank, intended to commit robbery. The teller give him a handful of money and he left the bank. (Plea Tr., 17.) Petitioner also testified that he had a prior felony conviction for breaking and entering an unoccupied building. (Plea Tr., 18.) Petitioner was on parole at the time he committed the offenses for which he pleaded guilty, thus, violating the terms of his parole.

The sentencing hearing was held on December 5, 2006. In asking the trial court for leniency, defense counsel stated in part:

> We talked before we came down here and indicated that -- I asked him in the last 20 years he estimates he has been out of prison less than half that time. He does have a severe alcohol problem. He knows you're going to put him in prison. We would ask the Court -- *because it is consecutive and basically has a 20 year tail on the charge that he has to go back for,* we're asking the Court to consider the low end of the guidelines which would give him an opportunity hopefully to get the help that he's going to have to decide he needs and take advantage of it at his age.

(Sentencing Hearing Transcript (Sentencing Tr.), 5-6, docket #9.) After imposing a sentence of ten to twenty years for the bank robbery charge and fifteen to twenty-five years for the armed robbery charge, the trial court added, "There will be no credit [for time served] because he was on parole at the time. These sentences are consecutive to the sentence he must be obligated to serve on the underlying parole conviction." (Sentencing Tr., 8.) The trial court was referring to MICH. COMP.

LAWS § 768.7a(2),[1] which requires that any sentence for a new offense must run consecutive to the uncompleted portion of any prior sentence for the offense for which defendant was on parole.

Petitioner subsequently filed a motion to withdraw the guilty plea on the ground that he was promised that his sentences would not be consecutive as part of the plea agreement and that the promise was unfulfilled when he was sentenced to serve his new sentences consecutive to his parole sentence. (*See* Motion to Withdraw Plea Hearing Transcript I (Withdraw Plea Tr. I), 5, docket #10.) The prosecutor argued that it was sufficiently clear from the plea record that the sentences for armed robbery and bank robbery would be concurrent to each other, but consecutive to the parole violation. (Withdraw Plea Tr. I, 6-7.) The parties acknowledged that under state statute, Petitioner was required to serve his new sentence consecutive to parole sentence. (Withdraw Plea Tr. I, 5.) The parties also discussed that the offense for which Petitioner violated parole was discharged on the same date that the judgment of sentence was issued in this case. (Withdraw Plea Tr. I, 16.) Consequently, the only benefit Petitioner would have received if his new sentences had run concurrent with his parole sentence was approximately ninety days time served. (Withdraw Plea Tr. I, 17.) The trial court adjourned the hearing so that defense counsel could discuss with Petitioner whether he wished to risk withdrawing his plea and starting over when the most he could benefit was ninety days of time served. (Withdraw Plea Tr. I, 18.)

---

[1]MICH. COMP. LAWS § 768.7a(2) provides:

If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

At a subsequent hearing held on July 9, 2007, defense counsel informed the trial court that because credit for time served was prohibited by MICH. COMP. LAWS § 768.7a(2), Petitioner wished to withdraw his guilty plea. (*See* Motion to Withdraw Plea Hearing Transcript II (Withdraw Plea Tr. II), 5, docket #11.) The trial court denied the motion to withdraw, stating:

> The Court believes the record and the plea sheet indicate that a fair interpretation is that the armed robbery and the bank robbery would be concurrent with each other and there would be no ability to bargain for a sentence concurrent to the parole sentence. It's something the Court couldn't do even if it wanted to and the Court sees no reference to that nor would there be any reference because it would be common knowledge that that sentence would have to be consecutive to the parole sentence.

(Withdraw Plea Tr. II, 8.)

### B. Direct Appeal

Petitioner sought leave to appeal in the Michigan Court of Appeals raising the same issue presented in the trial court. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the ground presented. (*See* 11/2/07 Mich. Ct. App. Ord., docket #14.) Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court. By order entered February 19, 2008, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the question presented should be reviewed. (*See* Mich. Ord., docket #15.)

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

### **Discussion**

The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A plea agreement that is not made knowingly and voluntarily is unenforceable. *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Petitioner argues that because the government induced his guilty plea with an "illusory" promise, his plea was not knowing and voluntary. Specifically, Petitioner claims that the prosecutor promised as part of the plea agreement that his sentences would be concurrent, but the promise was breached when the trial court sentenced him to serve his new sentences consecutive to his parole sentence.

The leading Supreme Court case regarding a state's breach of a plea agreement is *Santobello v. New York*, 404 U.S. 257 (1975). In *Santobello*, the defendant was originally charged with two gambling offenses. He agreed to plead guilty to a single, lesser-included offense. The state of New York, in return, agreed to the guilty plea and promised not to make a sentencing recommendation. At the sentencing hearing, however, the prosecutor (who had been assigned to the case after the plea agreement was reached) recommended that the defendant receive the maximum

one-year sentence. *Id.* at 259.  The Supreme Court vacated the defendant's sentence, holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Id.* at 262.  Despite the trial judge's statement at sentencing that he had not been influenced by the prosecutor's recommendation, the Court rejected the argument that the breach of the plea agreement was harmless.  *Id.* at 262-63.  The Supreme Court reiterated in *Mabry v. Johnson*, 467 U.S. 504, 509-10 (1984), that when a prosecutor breaches such a promise, the guilty plea fails to satisfy the test for voluntariness and intelligence, and, thus, the defendant's conviction cannot stand.

Although *Santobello* discussed the consequences of a broken plea agreement, the case does not amplify the parameters of what constitutes a breach. Various circuit court decisions, however, have addressed the issue since *Santobello* was decided.  The Sixth Circuit has held that "[p]lea agreements are contractual in nature.  In interpreting and enforcing them, we are to use traditional principles of contract law."  *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991).  One fundamental principle of contract interpretation is that "primary importance should be placed upon the words of the contract.  Unless expressed in some way in the writing, the actual intent of the parties is ineffective, except when it can be made the basis for reformation of the writing."  11 Williston on Contracts § 31:4 (4th ed. 2000).

Ultimately, this Court must decide whether the state court's conclusion that the prosecutor did not breach the plea agreement was objectively reasonable.  In this case, the substance of the plea agreement was that the prosecutor would dismiss two felony charges and reduce Petitioner from a fourth felony offender to a second felony offender enhancement in exchange for

his plea to the armed robbery and bank robbery charges in Case Nos. 06-19094 and 06-19095. Thereafter, the prosecutor stated in a checklist-like manner:

> There is no Cobbs or sentence agreement. *Consecutive sentencing does not apply*. Holmes status does not apply. No 7411 status. Restitution as determined by the Court. The additional consideration line has been left blank. But I believe I have fully and completely stated the plea agreement.

(Plea Tr., 3-4) (emphasis added). The trial court reasonably construed the prosecutor's statement "consecutive sentencing does not apply" as referring only to the two new offenses for armed robbery and bank robbery. True to the prosecutor's words, Petitioner was sentenced to serve the sentences for his new offenses concurrently. As the trial court discussed in denying Petitioner's motion to withdraw the plea, Petitioner could not bargain for his new sentences to be served concurrent with his parole sentences because such a condition would violate state law. There was no discussion at the plea hearing regarding Petitioner's parole sentence. Moreover, it is clear from the statement made by the defense counsel at the sentencing hearing, "because it is consecutive and basically has a 20 year tail on the charge that has to go back for," (Sentencing Tr. 5-6), that counsel understood that the new sentences would run consecutive to the parole sentence. Consequently, the decision of the trial court was not an unreasonable application of *Santobello*.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.


Dated:  September 20, 2011                          /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).