UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKIE RAY KING, JR.,

        Petitioner,

                                      CASE NO. 1:09-CV-148

v.

                                      HON. ROBERT J. JONKER

MARY BERGHUIS,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 20) and Petitoner King's Objections to it (docket # 21).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Mr. King is not entitled to habeas corpus relief, is factually sound and legally correct.

Mr. King does not dispute the factual and procedural background the Magistrate Judge describes in detail, and which the Court also finds accurate based on its own review of the record. (R. and R., docket # 20, at 2-5.) Mr. King objects only to the Magistrate Judge's legal conclusion. (Obj., docket # 21.) The Magistrate Judge found that the state court was objectively reasonable in concluding that the prosecutor did not breach the plea agreement under which Petitioner entered a guilty plea on October 16, 2006, and in refusing to allow Plaintiff to withdraw his guilty plea. The Magistrate Judge therefore concluded that Petitioner is not entitled to habeas relief under the applicable law. (R. and R., docket # 20, at 8-9.) In his objection, Mr. King emphasizes that at the time he entered his guilty plea, he believed that not only the sentences for the two separate crimes the plea agreement addressed, but also the 90-day sentence connected to his parole violation, would run concurrently. However, this does not change fundamental legal analysis, which the Magistrate Judge accurately stated and applied. Under AEDPA, at this stage of the case, the issue is whether the state court's application of clearly established federal law in finding no breach and refusing to allow Mr. King to withdraw his plea was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). For precisely the reasons articulated in the Report and Recommendation, which the Court is adopting here, the state court's conclusion was not objectively unreasonable.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the

authority to issue certificates of appealability.  FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").  However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. King is not entitled to the habeas corpus relief he seeks.  Mr. King is not entitled to a certificate of appealability.  Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 20) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and
2. Petitioner is **DENIED** a certificate of appealability.

Dated:     March 26, 2012            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE